PEOPLE, PLAINTIFF AND APPELLEE, v. ECHEANDÍA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Excise-Tax Law.

No. 1829.—Decided April 24, 1922.

STILLS—EVIDENCE.—In accordance with the doctrine laid down in *People* v. *Hernández,* decided April 21,. 1922, the district attorney is not bound to prove that the still for distilling spirits under the control of the defendant was not registered. The burden is on the defendant to prove that he had a license from the Treasurer for its possession.

ID.—ID.—DISCRETION OF COURT.—It can not be considered an abuse of discretion for a court to refuse to admit evidence offered by the defendant after he had rested when, if admitted, the evidence would not have been sufficient to change the result of the trial.

The facts are stated in the opinion.

*Mr. E. Negrón Benítez* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was charged with a violation of section 61 of the Excise-Tax Law, consisting in having in his possession and custody four mounted stills without having them registered in the office of the Treasurer of Porto Rico, and one of the grounds alleged by him in support of the appeal from a judgment of conviction is that there was admitted in evidence a certificate of the Treasurer of Porto Rico to the effect that the appellant had not registered the said stills in the Treasurer's office.

In the case of *People* v. *Hernández, ante,* page 342, we held that such evidence is not necessary in cases of this kind.

Another ground of appeal is· that the court below erred in adjusting the conflict in the evidence, and that there was not evidence sufficient to support the judgment of conviction.

Indeed, the evidence in this case was conflicting, for while three of the witnesses for the prosecution testified that on the day to which the complaint refers they saw the defendant distilling alcohol with some stills which were in a coffee grove,

the defendant attempted to prove by his witnesses that on that day and at that hour the defendant was not at the said place, but was at another place, and also that the stills seized were operated by one Betancourt. The appellant merely expresses his opinion that his witnesses ought to have been believed, but he gives no reason why the court should have given more weight to the defendant's evidence than to the evidence introduced by the district attorney. The real question in this case was whether or not the appellant, on the day to which the complaint refers, had in his possession and was operating the stills without having them registered in the office of the Treasurer of Porto Rico. The conflict in the evidence was adjusted against him and from our examination of the evidence we can not say that the court below committed manifest error in adjusting the conflict between the testimony of the witnesses, for which reason, the evidence for the prosecution having been given credit, we can not deny that it is sufficient to justify a judgment of conviction.

After both parties had rested and while the defendant's attorney was arguing the case he moved for leave to introduce further evidence to show that one Betancourt had stated before the municipal judge that he was the guilty person in this case, and because the court did not permit him to go back to the production of evidence he now alleges that this was such an error on the part of the court as to require a reversal of the judgment.

The court had discretion to sustain or overrule the motion, but we do not find that it abused this power in refusing to sustain the motion, inasmuch as the defendant's witnesses had already testified on that point and also because the testimony of other persons that Betancourt had admitted in their presence that he was the owner of the stills was not sufficient of itself to change the result of the trial necessarily.

It is also alleged that the judgment is erroneous because the appellant was sentenced to pay a fine of $100 and in default thereof to serve thirty days in jail, for which reason the sentence is alternative and at the defendant's election.

Although the sentence is not clearly subject to the defendant's election, yet it might be understood to be so since he is sentenced to pay a fine or in default thereof to serve thirty days in jail, but it does not carry with it the reversal of the judgment, for this court can modify it to the effect that in default of payment of the fine the defendant shall be imprisoned for one day for each dollar not paid, the imprisonment not to exceed thirty days.

As so modified the judgment appealed from is affirmed.

*Modified and affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.